UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN A. CORRION, #601943,
NANCY E. CORRION,

        Plaintiffs,

v.

CASE NO. 2:10-CV-12192
HONORABLE LAWRENCE P. ZATKOFF

ROBERT J. KLEINE, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING LEAVE TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE AND DISMISSING THE COMPLAINT**

I.

Plaintiffs, John Corrion, a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan, and his wife, Nancy Corrion, have filed a pro se civil rights complaint pursuant to 28 U.S.C. § 1331 with the Court. Plaintiff John Corrion seeks leave to proceed without prepayment of the $350.00 filing fee for this action and has submitted a copy of the prison trust account statement. *See* 28 U.S.C. § 1915(a)(1). Plaintiff Nancy Corrion has not submitted any documentation in support of any request to proceed *in forma pauperis*. In their complaint, Plaintiffs challenge the State's seizure of "70% of [their] life savings" as reimbursement for the cost of John Corrion's incarceration, which was done pursuant to the Michigan State Correctional Facilities Reimbursement Act ("SCFRA"). Plaintiffs name State Treasurer Robert J. Kleine and Assistant Attorney General Juandisha Harris as defendants in this action. They seek a temporary restraining order, a preliminary injunction, and compensatory and punitive damages. Having reviewed the matter, the Court finds that Plaintiff John Corrion is not eligible to proceed

without prepayment of the filing fee for this action and dismisses his complaint pursuant to 28 U.S.C. § 1915(g). The Court also finds that Plaintiff Nancy Corrion has failed to pay the $350.00 filing fee for this civil action and has not shown that she should be entitled to proceed *in forma pauperis* in this case and dismisses her complaint.

II.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff John Corrion has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Corrion v. Latreille*, No. 2:08-CV-15272 (E.D. Mich. Jan. 8, 2009); *Corrion v. Morse, et al.*, No. 2:09-CV-11404 (E.D. Mich. April, 22, 2009); *Corrion v. Ludwick*, No. 2:09-CV-

11531 (E.D. Mich. July 13, 2009); *Corrion v. Morse, et al.*, No. 2:09-CV-11863 (E.D. Mich. June 30, 2003). In addition, Plaintiff John Corrion has previously been denied leave to proceed without prepayment of the filing fee for having three strikes. *See, e.g., Corrion v. Caruso, et al.*, No. 09-CV-13159 (E.D. Mich.) (leave denied Aug. 21, 2009, case dismissed Jan. 28, 2010). Consequently, Plaintiff John Corrion is a "three-striker" who cannot proceed without prepayment of the filing fee for this civil action unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He has made no such showing. He is thus not entitled to proceed without prepayment of the filing fee for this action and his complaint must be dismissed.

Additionally, the Court finds that Plaintiff Nancy Corrion has failed to pay the $350.00 filing fee for this civil action. *See* 28 U.S.C. § 1914(a). She has also failed to submit any documents in support of her request to proceed *in forma pauperis*, nor shown that she should be entitled to proceed *in forma pauperis* in this case. Her complaint shall therefore be dismissed.

### III.

Based upon the foregoing, the Court concludes that Plaintiff John Corrion has filed more than three previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** him leave to proceed without prepayment of fees for this civil action and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g). The Court further concludes that Plaintiff Nancy Corrion has failed to pay the $350.00 filing fee for this action and has failed to properly request or establish that she should be entitled to proceed *in forma pauperis* in this case. Accordingly, the Court **DISMISSES** her complaint as well.

The Court's dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee as to both plaintiffs and without prejudice to the filing of a new complaint with a proper application to proceed *in forma pauperis* as to Plaintiff Nancy Corrion. The Court notes that any future complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed.

Lastly, the Court concludes that any appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 16, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290